## Appeal of CHAMPION STOVE CO.     Docket No. 870.

Sufficient affirmative evidence has been presented by the taxpayer to substantiate its claim as to the value of its inventory at December 31, 1920.

Submitted January 27, 1925; decided February 27, 1925.

*Mr. F. C. Alber*, president, for the taxpayer.
*Laurence Graves, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before GRAUPNER, LITTLETON, and SMITH.

This is an appeal from a deficiency letter dated October 2, 1924, asserting a deficiency of $18,087.48 for the year 1920. The taxpayer admits a deficiency of $222.01. The deficiency arose from the disallowance of a reduction in inventories at the close of 1920 on certain items amounting to $50,571.17. From the evidence submitted at the hearing the Board makes the following

### FINDINGS OF FACT.

1. The taxpayer is a corporation organized under the laws of the State of Ohio, with its principal place of business at Cleveland, Ohio, and is engaged in the business of manufacturing stoves and their parts.

2. The Commissioner, in a letter dated October 2, 1924, asserts a deficiency in the income and profits taxes for the calendar year 1920 in the sum of $18,087.48, which arose out of a disallowance

of a reduction in inventory December 31, 1920, in the amount of $50,571.17.

3. In the conduct of its business the corporation kept upon its books a perpetual inventory of its stock of stoves and parts, together with the cost thereof. At the end of the year 1920 it had on hand a number of stoves and parts which were obsolete and the manufacture of which had been discontinued; also stoves and parts that had been scrapped. It made an actual physical inventory of these stoves and parts and fixed a value, based on market price, which was lower than cost. Part of the stock had been scrapped and a portion was carried on the books at the depreciated market price.

4. The value of the obsolete and dead materials and the reduction from cost to market price were, in fact, eliminated from the inventory. The totals of the cost and market value and the reductions are as follows:

| | |
|---|---|
| Total cost | $171,386.18 |
| Market value of usable material | 120,644.98 |
| Total reduction of inventory on books | 50,741.20 |

The reduction of inventories on the books was subdivided as follows:

| | |
|---|---|
| Obsolete and dead material | $21,793.13 |
| Reductions to market value of live material | 28,948.07 |
| | 50,741.20 |
| Less (not reconcilable) | 170.03 |
| Total inventory reduction (adjusted) | 50,571.17 |

The stoves and parts enumerated in the inventory were actually discarded and scrapped and the value written off its assets. The usable live material was given a fair reproduction cost and so entered in the inventory.

5. The taxpayer put in evidence catalogues and detailed inventories showing the stoves and parts, the manufacture of which had been discontinued, and showing the stoves and parts actually scrapped and discarded, and their values. In a report dated March 20, 1924, a revenue agent, who had made an examination, approved and confirmed the inventories set up on the books and recommended a deficiency of $222.01, to which the taxpayer acquiesced. This report was not accepted by the Commissioner who later asserted a deficiency of $18,087.48.

6. The taxpayer in former years rendered its returns on a basis of inventories taken at cost but for the year 1920 it used inventories taken at cost or market, whichever was lower.

### DECISION.

The deficiency determined by the Commissioner is disallowed in part. The deficiency in tax for 1920 is fixed at $222.01.

### OPINION.

SMITH: This appeal is from a deficiency in income and profits taxes for the year 1920. The only question in issue is the right of

the taxpayer to reduce its book inventory at December 31, 1920, in the amount of $50,571.17. The Commissioner has refused to allow this reduction on the ground that it has not been substantiated by affirmative evidence and that the reduction due to obsolescence and depreciation in the value of stock was not warranted by the provisions of articles 1581–1585 of Regulations 45 (1920 edition) as amended by T. D. 3296.

Section 203 of the Revenue Act of 1918 provides:

That whenever in the opinion of the Commissioner the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories shall be taken by such taxpayer upon such basis as the Commissioner, with the approval of the Secretary, may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income.

After a careful examination of the evidence submitted we are of the opinion that the taxpayer has substantiated its claim for its reduction of inventories, as prayed for. The record shows that the taxpayer carefully inventoried its stock and material. It has presented catalogues and detailed inventories showing the stoves which it has ceased to manufacture, and the stock on hand, carefully enumerated by name and number. It has shown the cost of the stoves and castings and the current reproduction cost of the parts retained, and has presented uncontroverted testimony of the current reproduction cost. The testimony shows that there was an actual physical inventory which was later checked by a reputable firm of certified public accountants, and still later the inventory, with slight adjustments, was accepted by a revenue agent. In fact, everything was done that could reasonably be expected to show that the reduction was bona fide and reflected true conditions for the year ending December 31, 1920.

The testimony and the documentary evidence submitted are, we believe, sufficient to substantiate the claim of the taxpayer.